UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Delyle Augare,　　　　　　　　　　　　　　Case No. 16-cv-04126-DWF -KMM

　　　　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　　　　**REPORT AND**
v.　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

Warden B. True and
Federal Bureau of Prisons,

　　　　　　　Respondents.

Delyle Augare, No. 12677-046, FPC Duluth, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, petitioner pro se

Ana H. Voss / D. Gerald Wilhelm / Erin M. Secord, United States Attorney's Office, counsel for respondents

　　　　This matter is before the undersigned United States Magistrate Judge on the Petition of Delyle Augare for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pet., ECF No. 1. In his petition, Mr. Augare seeks restoration of time off for good conduct that he lost as a result of a disciplinary infraction. For the reasons discussed below, the Court recommends that the petitioner's Application for Habeas Corpus Relief be denied.

**I.　　Background**

　　　　Mr. Augare is a federal inmate housed at the Federal Prison Camp in Duluth, Minnesota. He is serving a forty-four month sentence for conspiracy to defraud the United States, conspiracy to submit false claims against the United States, theft or embezzlement from an Indian tribal government, and income tax evasion. Frandle Decl., Ex. B at 2, ECF No. 6. Based upon the time off for good behavior which he is anticipated to receive, his current projected release date is November 17, 2017. *Id.*, Ex. B at 1.

1

On November 27, 2015, a Bureau of Prisons ("BOP") employee conducting a search of the living quarters that Mr. Augare shared with three other inmates found a cellular phone attached by a magnet to the bottom of an empty locker in the common area of the cell, along with a SIM card and a charger for the phone. Frandle Decl., Ex. D at 1. An incident report was issued to Mr. Augare and his cellmates, and he was advised of his rights during the disciplinary process. *Id.*, Ex. D at 2. The matter was first brought before the Unit Disciplinary Committee ("UDC"), who then referred the charge to a Disciplinary Hearing Officer ("DHO") for a hearing to determine whether Mr. Augare had violated BOP rules and, if so, the appropriate disciplinary measure. *Id.*

Mr. Augare received notice of the DHO hearing on December 1, 2015. Frandle Decl., Ex. E. Mr. Augare was advised again of his rights and declined to call witnesses or have a staff member represent him at the hearing. Frandle Decl., Ex. E, Ex. F. The DHO hearing took place on December 7, 2015, and Mr. Augare received a written report of the DHO's decision on December 10, 2015. Frandle Decl., Ex. G at 1-2. The DHO found that Mr. Augare committed the prohibited act of possession of a hazardous tool, based on the incident report and the accompanying photographs of the cell phone. *Id.* at 2. Although another inmate said the phone was his, the DHO concluded that the statement was not credible without corroborating evidence. *Id.*

To sanction Mr. Augare for the rule violation, the DHO took away forty-one days of his earned good conduct time, revoked his telephone privileges for six months, and imposed a ninety-day loss of his visitation and commissary privileges. *Id.* Mr. Augare filed a Regional Administrative Remedy Appeal to contest the DHO's decision, but the appeal was denied. Bush Decl., ECF No. 5, Ex. C. The written response to the appeal explained that it was Mr. Augare's responsibility to ensure the common areas of his cell were free of prohibited items, and that the admission of the charge by another inmate did not support suspension of the sanctions in the absence of corroborating evidence. *Id.* Mr. Augare claims he filed a final appeal to the Central Office as allowed by the Administrative Remedy Program, but the BOP has no record of this appeal. *Compare* Augare Decl., ECF No. 9, *with* Bush Decl., Ex. B at 2.

Mr. Augare now contests the sanctions described above and claims his right to due process was violated. He specifically seeks to restore the forty-one days of good conduct time he lost.

## II.   Discussion

Mr. Augare must demonstrate that his imprisonment violates the Constitution or the laws or treaties of the United States for relief to be granted under 28 U.S.C. § 2241. He argues the BOP did not afford him adequate due process because there is insufficient evidence to justify the DHO's decision to discipline him. The government asks the Court to dismiss the petition for failure to exhaust administrative remedies. Alternatively, the government asks the Court to deny the petition because Mr. Augare received sufficient notice of the disciplinary charges and an opportunity to call witnesses and present documentary evidence in his defense, satisfying due process. The government also argues that there is sufficient evidence to support the BOP's determination that he committed the prohibited act.

### A.   Exhaustion of Administrative Remedies

A federal prisoner seeking habeas relief from a decision of the BOP is required to exhaust administrative remedies prior to filing a § 2241 petition in federal district court. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000). Failure to do so is an affirmative defense to a habeas petition, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), and it is not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007).

Mr. Augare has declared that he submitted a final appeal to the BOP's Central Office via first class mail from the Federal Prison Camp on March 14, 2016. Augare Decl. ¶ 1. However, the BOP's Administrative Remedy Log shows no record of the appeal, and the government contends that Mr. Augare has therefore failed to satisfy the exhaustion requirement. Resp't's Mem. at 10, ECF No. 4.

There is a factual dispute as to whether Mr. Augare submitted an appeal to the Central Office. Since both parties also contest the merits of Mr. Augare's petition, and the appropriate disposition is clear, the Court will address the merits instead of conducting an evidentiary hearing on the question of exhaustion. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[A] court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." (citing *Granberry v. Greer,* 481 U.S. 129 (1987))); *Stewart v. Cruz*, No. 08-cv-6085-RHK-SRN, 2009 WL 1607579, at *4 (D. Minn. June 8, 2009) ("Because this Court recommends that the Petition be denied on the merits, it would

3

be a waste of judicial resources to hold an evidentiary hearing on the issue of exhaustion.").

### B. Due Process

Although the "full panoply of rights due a defendant" in a criminal prosecution does not attach in a prison disciplinary proceeding, the loss of good time credit clearly implicates a liberty interest and therefore a minimum of appropriate procedure is required. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011); *Malek v. Camp*, 822 F.2d 812, 815 (8th Cir. 1987); *Brown v. Frey*, 807 F.2d 1407, 1411 (8th Cir. 1986). The Supreme Court has defined the minimum requirements of procedural due process as: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002) (applying the *Hill* rule to review a loss of good time credits following a prison disciplinary hearing).

The record submitted by the government demonstrates that the BOP adhered to these procedures, and Mr. Augare stipulated in his reply brief that "the chain of events . . . [as to] the administrative investigation and hearing process are correct as stated by the government." Pet'r's Reply at 1, ECF No. 8. Specifically, Mr. Augare received a copy of the incident report describing the charge brought against him as possession of a hazardous tool. Frandle Decl., Ex. G at 1. He was provided with an opportunity to call witnesses and present documentary evidence, which he declined. Frandle Decl., Ex. F at 1. Finally, Part V of the DHO's written report, which he also received, described the specific evidence relied upon during the hearing and Part VII provided the reasons for the disciplinary sanction. Frandle Decl., Ex. G at 1-2. Against this uncontested factual backdrop, the Court concludes that Mr. Augare was afforded sufficient procedural due process. *See Flowers*, 661 F.3d 977 (finding that an incident report, hearing, and written decision by a hearing officer provided adequate due process in a prison disciplinary proceeding that resulted in the loss of good conduct time).

### C. Sufficiency of the Evidence

Mr. Augare also contests the sufficiency of the evidence supporting his discipline, although does not deny that contraband was found in the common area of his prison dorm. Instead, he argues that it is not fair to hold all of the cellmates responsible for the violation under a theory of collective responsibility. Mr. Augare also asks the Court to conduct an evidentiary hearing to examine the SIM card found with the cell phone, because he believes such an examination would corroborate an admission of responsibility by one of his cellmates.

Even where a petitioner was afforded procedural due process, the Court must also determine whether there was sufficient evidence to support the sanctions imposed. The disciplinary sanctions should be upheld "if 'some evidence' indicates the prisoner violated prison rules." *Eubanks v. Wilson*, No. 15-cv-2677-PJS-DTS, 2017 WL 2303506, at *5 (D. Minn. May 1, 2017) (quoting *Hill*, 472 U.S. at 455), *R&R adopted*, 2017 WL 2303963 (May 25, 2017). This standard does not require the Court to examine the entire record, assess witness credibility, or weigh the evidence. *Id.* Instead, if there is any evidence that justifies the decision to discipline Mr. Augare, the Court will defer to the determination of prison officials. *Id.* (citing *Gomez v. Graves*, 323 F.3d 610, 613 (8th Cir. 2003)).

The incident report and the DHO report provide sufficient evidence to satisfy this standard. The incident report and the attached photo sheet establish that a cell phone was found in the common area of Mr. Augare's prison dorm. *See* Frandle Decl., Ex. D. The DHO reviewed this evidence along with Mr. Augare's statements, and concluded that the "greater weight of the evidence" supported the loss of good conduct time as a sanction for possession of a hazardous tool. Frandle. Decl., Ex. G at 2. Since the record provides some evidence that Mr. Augare violated prison rules, the DHO's decision to take away forty-one days of good conduct time from Mr. Augare must be upheld. *Gomez*, 323 F.3d at 612 (8th Cir. 2003) ("[C]ourts are to give deference to prison officials and should intercede in prison discipline cases only when the sanctions are wholly unsupported by the record.").

Although Mr. Augare's main complaint is that he is being punished for a phone that belonged to another inmate, that fact does not undermine the validity of his disciplinary sanction. As prison rules require inmates to keep common areas free of contraband, prisoners may be held collectively responsible for any prohibited items

found in shared spaces of their dorm. *Flowers*, 661 F.3d 977 (upholding the loss of good conduct time based on a theory of collective responsibility for weapons found in a shared area); *Mason v. Sargent*, 898 F.2d 679 (8th Cir. 1996) (finding that some evidence justified punishing an inmate for contraband found in a shared locker even though another inmate admitted responsibility for placing the items inside); *see also* Frande Decl., Ex. A at 39.

Mr. Augare does not deny the acceptance of this theory among courts in the Eighth Circuit's jurisdiction, but urges that such a rule essentially creates a strict liability offense. Pet'r's Reply Br. at 4. However, prison officials are not required to prove *mens rea*, as Mr. Augare has not been accused of a crime but rather a violation of prison rules. *See Hill*, 472 U.S. at 456 ("Revocation of good time credits is not comparable to a criminal conviction… and neither the amount of evidence necessary to support such a conviction… nor any other standard greater than some evidence applies in this context.") (citations omitted). Mr. Augare essentially had a duty under the relevant federal regulations to examine shared areas of his cell for contraband, and the discovery of a cell phone in the common area provides some evidence that Mr. Augare violated those rules.

To set aside a finding of collective responsibility and accept another inmate's admission of ownership as credible, the DHO requires corroborating evidence. Frandle Decl., Ex. G at 2; s*ee also Dye v. Wilson*, Nos. 15-cv-2790, 15-cv-2601, 15-cv-2815-SRN-JSM, 2016 WL 3578988 at *8 (D. Minn. June 9, 2016), *R&R adopted*, 2016 WL 3580615 (June 28, 2016). While Mr. Augare was offered an opportunity to present evidence during the DHO hearing, he did not request review of the cell phone or the SIM card. Frandle Decl., Ex. G at 1. Even if a review of the SIM card at this juncture would suggest that Mr. Augare did not use the phone, the record still contains some evidence that the prohibited item was found in a common area of his cell, which by itself is sufficient to uphold the disciplinary decision by the DHO. *See, e.g.*, *Brown,* 807 F.2d at 1414 (holding that *Hill* requires judicial inquiry stop if any evidence in the record, such as an incident report, would support the conclusion reached by the disciplinary board).

### III.   Conclusion

The Court recommends that Mr. Augare's petition be denied on the merits. First, the record shows that the Bureau of Prisons afforded Mr. Augare sufficient due

process, as he received: (1) advance notice of the disciplinary charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the DHO of the evidence relied on the reasons for the loss of forty-one days of conduct time, among other sanctions. Second, the record shows sufficient evidence supports the DHO's decision to discipline him.

### IV.   Recommendation

Based on the foregoing, the Court makes the following recommendation:

1. Mr. Augare's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DENIED**.

2. This action be **DISMISSED**.

Date: June 26, 2017                                s/ *Katherine Menendez*
                                                              Katherine Menendez
                                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.